1
2
3
4
5
6
7

8           UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10                SAN JOSE DIVISION

11  DIRECTV, LLC,                          )   Case No.: 5:13-cv-01619-PSG
                                           )
12                      Plaintiff,         )   **ORDER THAT CASE BE**
                                           )   **REASSIGNED WITH**
13           v.                            )   **RECOMMENDATION PLAINTIFF'S**
                                           )   **MOTION FOR DEFAULT**
14  AIDAN MACKEY et al,                    )   **JUDGMENT BE GRANTED**
                                           )
15                      Defendants.        )   **(Re: Docket No. 21)**
                                           )
16  _____)

17          Before the court is Plaintiff DirecTV LLC's ("DirecTV") Motion for Default Judgment as

18  to all remaining defendants.[1]  No opposition was filed,[2] but one of the defendants, Gerard Francis

19  Kehoe ("Kehoe"), did, however, appear at the hearing on the motion.  Only DirecTV has consented

20  to have this case adjudicated by a magistrate judge.  The court hereby orders the case be reassigned

21  to a district court judge and recommends Plaintiff's Motion for Default Judgment be GRANTED.[3]

22
23

24  _____
    [1] Defendant Aidan Mackey was dismissed from this case without prejudice on June 5, 2013.  *See*
25  Docket No. 9.  Defendants Gerard Francis Kehoe, Elizabeth Josephine Kehoe, and Katie Bloom's
    Inc. remain.
26
    [2] Defendants have not filed any pleading(s) in this case.
27
    [3] This court is ordering reassignment to a district judge because, absent consent of all parties a
28  magistrate judge does not have the authority to make case-dispositive rulings.  *See, e.g.*, *Tripati v.
    Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988).

1

Case No.: 5:13-cv-01619-PSG
ORDER

United States District Court
For the Northern District of California

# I. LEGAL STANDARDS

After entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings."[4] Entry of default judgment is within the court's discretion,[5] and is governed by the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."[6]

"In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default."[7] Although "factual allegations relating to liability are taken as true upon entry of default, allegations as to amount of damages are not automatically accepted."[8]  As to damages, when the damages claimed are not readily ascertainable from the pleadings and the record, the court may (but is not required to) conduct a hearing to determine the amount of damages.[9]

---

[4] Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55.

[5] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (decision of district court whether to enter default judgment is discretionary and, given lack of merit in substantive claims, there was no abuse of discretion in declining to enter default judgment in favor of plaintiff).

[6] *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

[7] *Bd. of Trustees of Sheet Metal Workers v. Moak*, Case No. 4:11-cv-04620-CW, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977); Fed. R. Civ. P. 8(d)).

[8] *Truong Giang Corp. v. Twinstar Tea Corp.*, Case No. 3:06-cv-03594-JSW, 2007 WL 1545173, at *13 (N.D. Cal. May 29, 2007) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

[9] *See* Fed. R. Civ. P. 55(b)(2).

Case No.: 5:13-cv-01619-PSG
ORDER

## II. ANALYSIS

DirecTV is entitled to default judgment.  Although Kehoe appeared at the default judgment hearing poised to argue the merits of his case, Defendants have not filed a Rule 12 motion or an answer as required pursuant to the Federal Rules of Civil Procedure.  Kehoe can move under Fed. R. Civ. P. 60(b) to set aside the judgment, but the possibility of relief by way of Rule 60 does not warrant denial of DirecTV's right to a default judgment at this stage in the proceeding.  The court recommends DirecTV's Motion for Default Judgment be granted.  Given the modest record before the court, a hearing would help determine appropriate damages in this case.[10]

**IT IS SO ORDERED.**

Dated: October 10, 2013

PAUL S. GREWAL
United States Magistrate Judge

_United States District Court_
_For the Northern District of California_

---

[10] The parties are advised they can seek leave from the court to make a telephonic appearance.

3

Case No.: 5:13-cv-01619-PSG
ORDER